UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

AYSLING, L.L.C.,

        Plaintiff,

v.

LUIS MEJIA,

        Defendant.

_____/

Case No. 13-13027

Honorable John Corbett O'Meara

## OPINION AND ORDER GRANTING
## DEFENDANT'S MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION

This matter came before the court on defendant Luis Mejia's motion to, among other things, dismiss for lack of personal jurisdiction. Plaintiff Aysling, L.L.C. filed a response, and Mejia filed a reply brief. Oral argument was heard September 19, 2013. For the reasons set forth below, the court finds it lacks person jurisdiction over the defendant.

## BACKGROUND FACTS

Plaintiff Aysling is one of six U. S. software integrators authorized by Netherlands software manufacturer WoodWing to distribute and service WoodWing's "Enterprise" publishing software. Defendant Luis Mejia had been employed at Publishing Solutions Group ("PSG") in Orlando, Florida, where he provided consulting services to publishers using the Enterprise software. In 2010, Aysling acquired PSG and continued providing those services to PSG's clients, as well as Aysling's other clients. Defendant Mejia was offered employment by Aysling in Orlando, and he accepted.

For the first two years of his employment with Aysling, Mejia received his work assignments from, and reported back to, his direct supervisor in the Orlando office. In the course of performing his work, Mejia visited Aysling clients; however, none of those clients was in Michigan. In April

2011, Mejia was told he had to sign the 2011 Employment Agreement at issue in this case or lose his job. He was given a day to make the decision to sign it. After assessing the his employment situation in the midst of a recession, Mejia signed the Agreement.

The employment agreement contained a clause submitting him to personal jurisdiction in Michigan. It also contained a two-year, non-compete clause. In March 2013, Mejia was laid off by Aysling; and two months later, he was hired by eMerge, one of Aysling's few competitors. EMerge is located in Colorado; however, Mejia works from his Orlando home office except when visiting clients, none of whom is located in Michigan.

Aysling filed a four-count complaint in Washtenaw County Circuit Court, alleging claims for breach of contract in Count I, tortious interference with business relationships in Count II, unfair competition in Count III, and injunctive relief in Count IV. Mejia filed a timely notice of removal. In his motion to dismiss, Mejia asserts that the court lacks personal jurisdiction.

## LAW AND ANALYSIS

In ruling on a motion to dismiss under Rule 12(b)(2) for lack of personal jurisdiction, the plaintiff bears the burden of establishing jurisdiction. Serras v. First Tenn. Bank Nat'l Ass'n, 875 F.2d 1212, 1214 (6th Cir. 1989). Where the court relies solely on written submissions and affidavits to resolve a Rule 12(b)(2) motion, rather than resolving the motion after either an evidentiary hearing or limited discovery, the burden on the plaintiff is "relatively slight." American Greetings Corp. v. Cohn, 839 F.2d 1164, 1169 (6th Cir. 1988). The pleadings and affidavits submitted must be viewed in a light most favorable to the plaintiff, and the court should not weigh "the controverting assertions of the party seeking dismissal." Theunissen v. Matthews, 935 F.2d 1454, 1458 (6th Cir. 1991).

2

Plaintiff Aysling first claims that the court has personal jurisdiction based on Michigan's long-arm statutes, Mich. Comp. Laws Ann. §§ 600.705(1) and (2), and § 600.745(2), and the Due Process Clause.  In a diversity action, "the law of the forum state dictates whether personal jurisdiction exists . . . ."  In re Trade Partners, Inc. v. Investors Litig., 627 F. Supp. 2d 772, 776 (W.D. Mich. 2008).  Jurisdiction is based on a two-step process.  First, "the court must determine if state law . . . grants the court authority to exercise personal jurisdiction over the defendant."  Second, "the court must determine if the exercise of personal jurisdiction over the defendant satisfies the Fourteenth Amendment's Due Process Clause."  Id. at 777.

Pursuant to § 600.705(1),

> Existence of any of the following relationships between an individual . . . and the state shall constitute a sufficient basis of jurisdiction to enable a court of record of this state to exercise limited personal jurisdiction over the individual and to enable the court to render personal judgment against the individual . . . arising out of an act which creates any of the following relationships:
>
> (1) The transaction of any business within the state.

The Michigan Supreme Court has stated that the word "any" comprehends even the slightest of contacts with Michigan.  Sifers v. Horen, 385 Mich. 195, 199, n.2 (1971).

In this case Aysling contends that Mejia has transacted business in Michigan by: (1) attending a seminar in Michigan that was paid for by Aysling and contacting Aysling in Michigan "on hundreds of occasions via telephone, e-mail, and other written correspondence"; (2) causing consequences to occur in Michigan by intentionally and improperly commencing employment with Plaintiff's competitor; and (3) voluntarily entering into a contractual agreement consenting to personal jurisdiction in Michigan.  Aysling also alleges that Defendant's consent to jurisdiction in Michigan is *prima facie* evidence that personal jurisdiction in this case does not offend due process.

3

Defendant Mejia, however, contends he has not had sufficient contacts with Michigan to trigger the state's long arm statute.  The sole seminar he attended in Michigan was at the behest of Plaintiff, his Michigan employer.  Also, the "hundreds of contacts" he has had through telephone calls and emails have been to communicate with his supervisors in Michigan, not to transact business with clients in Michigan, as he has no Michigan clients.  Courts have recognized that the plain meaning of the word "transact" is "to carry on or conduct (business, negotiations, etc.) to a conclusion or settlement," and that "business" is defined as a trade or profession, or an actual sales or purchase transaction for profit.  See, *e.g.*, Oberlies v. Searchmont Resort, Inc., 246 Mich. App. 424, 430 (2001); Salom Enter., L.L.C. v. TS Trim Indus., Inc., 464 F. Supp. 2d 676, 683 (E.D. Mich. 2006).  In this limited instance, communications with defendant Mejia's Michigan supervisors cannot be deemed "transacting business" in Michigan.

Plaintiff's second grounds for asserting personal jurisdiction over Mejia is based on Mich. Comp. Laws Ann. § 600.705(2), which provides limited personal jurisdiction over an individual when the plaintiff's claims arise out of that individual's "doing or causing any act to be done, or consequences to occur, in [Michigan] resulting in an action for tort."  In its complaint plaintiff Aysling has alleged tortious interference in Count II and unfair competition in Count III, both actions for tort.  However, defendant Mejia contends that those claims should be dismissed because they fail to allege a violation of a legal duty that is separate and distinct from the contractual obligation alleged in Count I.  Michigan law does not recognize tort claims premised on alleged contractual promises or breaches of alleged contractual duties.  Rinaldo's Constr. Corp. v. Michigan Bell Tel. Co., 454 Mich. 65, 84-85 (1997).  Therefore, Plaintiff has failed to state a claim in Counts II and II and § 600.705(2) does not apply.

4

Finally, the only basis upon which personal jurisdiction could be conferred in this case is the clause in the parties' 2011 Employment Agreement, in which Mejia agreed "to submit to personal and subject matter jurisdiction in the state or federal courts in Michigan. Ex. 2 at ¶ 12. Because that clause is the sole basis for personal jurisdiction, Mich. Comp. Laws Ann. § 600.745(2) governs its enforceability. Preferred Capital, Inc. v. Sarasota Kennel Club, Inc., 489 F.3d 303, 305 (6th Cir. 2007).

Pursuant to § 600.745(2),

If the parties agreed in writing that an action on a controversy may be brought in this state and the agreement provides the only basis for the exercise of jurisdiction, a court of this state shall entertain the action if all the following occur:

*    *    *

(c) The agreement as to the place of the action is not obtained by misrepresentation, duress, the abuse of economic power, or other unconscionable means.

Mejia has testified that in April 2011 he was required to sign the agreement within approximately one day or he would lose his job. This court has found that

A significant factor to be considered in determining whether there was an 'abuse of economic power or other unconscionable means' is whether the choice of forum agreement was contained in an adhesion, or 'take-it-or-leave-it' contract.

First Nat'l Monetary Corp. v. Chesney, 514 F. Supp. 649, 655 (E.D. Mich. 1980). In Chesney, the court found that the clause was not reached as a result of arms length bargaining; and the court refused to enforce the clause and declined to exercise personal jurisdiction over the California defendants.

Although Aysling argues that Mejia could have negotiated the personal jurisdiction clause, there is no evidence to dispute Mejia's affidavit that he was told to sign the agreement or he would lose his job. This represents the classic circumstance of a "take-it-or-leave-it" agreement; and this

court, too, will not enforce the clause. The court, as in <u>Chesney</u>, will not exercise personal jurisdiction over Mejia, a Florida defendant.

## <u>ORDER</u>

It is hereby **ORDERED** that defendant Luis Mejia's motion to dismiss for lack of personal jurisdiction is **GRANTED.**

s/John Corbett O'Meara
United States District Judge

Date: February 11, 2014

I hereby certify that a copy of the foregoing document was served upon counsel of record on this date, February 11, 2014, using the ECF system.

s/William Barkholz
Case Manager